The Chancellor.
I cannot see with what propriety this injunction can be continued. In the term of March, 1856, of the Circuit Court of the County of Mercer, the defendant commenced an ejectment against the complainant, to recover the possession of a piece of land of about fifteen acres. In the term of January last, of the said Circuit Court, the cause was tried. The plaintiff in *368 that suit showed her title, as against the defendant, by producing a deed from the defendant to the plaintifij bearing date the 12th day of April, 1848, for the premises in question. Judgment was given for the plaintiff. This injunction was obtained to prevent the defendant, who was the plaintiff in the ejectment, from taking possession under the judgment. "What are the grounds for the interference of this court ?
The complainant states, in his bill, that the deed was executed, and came to the possession of the defendant under the following circumstances. That, in the year 1848, he had it in contemplation to convey the property in trust, so that the same might be a safe and sure reliance for himself and his family; and with that view, he made and acknowledged the deed to the defendant, his mother in law; that he afterwards changed his mind, and concluded he would not deliver it, and abandoned the idea entirely of making a deed in trust; that some time in the year 1848, being then about to leave home for a few months, he put some of his papers, and among them this deed, in the house of one John Roe, the father of the defendant, for safe keeping, and that while he was absent, the said defendant, as he believes, got access to his papers, and abstracted this deed; that about the year 1852, the complainant heard that the defendant began to intimate that she had a title to the premises, and that he went to her, and inquired of her whether she intended to set up any claim to his property.
Now, certainly, the defendant should not be prevented from enjoying the benefit of her judgment at law upon so improbable a statement as this. If it is entitled to any confidence, the complainant ought not to have the benefit of it upon his own oath alone. His own statement of such a case does not justify the interference by injunction with another’s rights. There are so many improbabilities about it, that a court ought not to base its action upon the assumption of its truth solely upon the complainant’s *369 own oath. That he should, for an honest purpose, have contemplated conveying the property in trust to the defendant, his mother in law, as a safe and sure reliance for himself and family, is indeed possible; but to make it assume the appearance of probability, the complainant should have stated some reason why it was necessary for its safety and security that he should have made such a conveyance.
The next point in the statement is still less probable— that -when he was about leaving home for a few months (instead of destroying the deed, which would have been consistent with his resolution of abandoning his purpose of creating a trust,) he should have placed it, not in the possession of any individual, but in the house of the defendant’s father, for safe keeping. The improbabilities increase with his history of the transaction. He does not pretend that he made any inquiry for his deed; but he says, in 1852, he heard that the defendant began to intimate that she had a title to the premises. Even then he made no inquiry about the deed, nor did he remonstrate with her, or upraid her for the unlawful manner by which she had possessed herself of it, but he merely went to her, and inquired of her whether she intended to set up any claim to his property; and he was satisfied with her assurance that she did not.
But the case has been tried at law, and the defendant has obtained judgment. Why should this court interpose to stay its execution ? There was no surprise at the trial. The complainant knew upon what title the defendant relied. If he had no defence at law, but one in equity, he should have resorted to this court before trying his experiment before a legal tribunal. He states that he was without sufficient evidence to show the real situation of the title; that he expected to be able to prove the fact that the said Sarah came surreptitiously by the said deed, but he was unable to do so, and that, consequently, the possession of the said deed by the said Sarah was taken *370 as prima facie evidence of a delivery of the deed by him to her, and in this way he was, by surprise, defeated in the suit. Because he was disappointed in not being able to prove enough for his defence, is not a surprise to entitle him to the interference of this court ?
But the complainant admits he has no means of establishing his case, except by a discovery from the defendant. She has answered the bill, and has denied all the charges which constitute the complainant’s equity. The defendant has established her title at law, and should not be prevented, while this controversy is pending, from having the benefit of the possession of the property.
The injunction must be dissolved with costs.